# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JOHN WOLFORD, | ) | |
| | ) | |
| Plaintiff, | ) | Case: 1:23-cv-01006 |
| | ) | |
| v. | ) | Judge: |
| | ) | |
| JAMCO PRODUCTS, INC, | ) | |
| | ) | |
| Defendant. | ) | Jury Trial Demanded |
| | ) | |

## COMPLAINT FOR RELIEF

**NOW COMES** Plaintiff, John Wolford ("Plaintiff"), by and through the undersigned counsel, filing this Complaint against Jamco Products, Inc. ("Defendant"), and in support states as follows:

## NATURE OF ACTION

1. This action arises out of Plaintiff's employment relationship with Defendant, including his wrongful termination in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. ("FMLA").

## PARTIES

2. At all times material, Plaintiff was a resident of Winnebago County, Illinois.

3. At all times material to this Complaint, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. §2611(2)(A).

4. At all times material, Defendant was an "employer" as defined by 29 U.S.C.§ 2611(4).

5. At all times material, Defendant was a welder that was doing business in Cook

County, Illinois.

6. Defendant is and at all times relevant was a welder and its business activity affected interstate commerce.

## JURISDICTION AND VENUE

7. Plaintiff brings this action pursuant to the FMLA, 29 U.S.C. § 2601 et seq.

8. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343(3) and (4) and 28 U.S.C. §2617.

9. Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of by Plaintiff occurred within this judicial district, Defendant has systematic and continuous contacts within the district, and the employment records of Plaintiff are stored, or have been administered, in Cook County.

## PROCEDURAL REQUIREMENTS

10. Plaintiff has complied with all conditions precedent in filing this action. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

## BACKGROUND FACTS

11. Defendant terminated Plaintiff in retaliation for requesting leave pursuant to the Family Medical Leave Act.

12. On or about September 7, 2021, Defendant hired Mr. Wolford as a Production Welder.

13. Thereafter, sometime in September 2022, Wolford's wife started having complications with her pregnancy and suffered a broken foot.

14. Consequently, Plaintiff attempted to change his schedule in order to take care of

his wife. Plaintiff's request for a schedule change was ignored and thus denied.

15. Around October 2022, Plaintiff made his first request to take FMLA.

16. Plaintiff spoke with Human Resources Representative (HR) Bebeanna regarding his request for time off pursuant to the FMLA. HR Bebeanna told the Plaintiff she would give him the paperwork but never did.

17. Subsequently, Plaintiff went back to HR Bebeanna and asked for her assistance in providing the FMLA paperwork Plaintiff needed to take time off from work.

18. Defendant advised Plaintiff they would provide the requested information and documentation, but again never actually provided any paperwork and Plaintiff's request was denied.

19. Plaintiff again spoke to HR Bebeanna regarding getting FMLA; but once again, lead's request was denied.

20. On November 2, 2022, Plaintiff was terminated for complaining about not being granted FMLA leave

21. Defendant interfered with Plaintiff's FMLA rights and retaliated against Plaintiff after he attempted to file for FMLA medical leave.

22. Plaintiff suffered an adverse employment action as a result of his termination for requesting leave.

### COUNT I: INTERFERENCE WITH FMLA RIGHTS
### (FAILURE TO PROVIDE FMLA INFORMATION)

23. Plaintiff repeats and re-alleges paragraphs 1-22 as if fully stated herein.

24. On October 15, 2021, Plaintiff was eligible for FMLA leave.

25. At all times material, Plaintiff gave proper notice to his employer.

26. Defendant controlled Plaintiff's work schedule and conditions of employment.

27. Plaintiff provided enough information for his employer to know that his potential leave may be covered by the FMLA.

28. Despite their knowledge, Defendant failed to notify Plaintiff of his eligibility status and rights under the FMLA and failed to notify Plaintiff whether his leave was or could be designated as FMLA leave.

29. When Plaintiff's employer failed to notify Plaintiff of his eligibility status and rights under the FMLA and failed to notify Plaintiff whether his leave was or could be designated as FMLA leave, the Defendant interfered with Plaintiff's rights under the FMLA.

30. As a result, Plaintiff has been damaged.

31. The Plaintiff demands that the count be tried by a jury.

## COUNT II: VIOLATION OF THE FMLA– RETALIATION

32. Plaintiff repeats and re-alleges paragraphs 1-22 as if fully stated herein.

33. Defendant terminated Plaintiff following his notification about his request for FMLA leave.

34. Defendant terminated Plaintiff because he requested FMLA leave as described above.

35. Defendant has intentionally engaged in unlawful employment practice in violation of the FMLA, by retaliating against Plaintiff for having requested to take FMLA leave.

36. Plaintiff's request for leave pursuant to the FMLA was a direct and proximate cause of his termination.

37. As a direct and proximate result of the intentional violations by Defendant, Plaintiff has been damaged.

38. The Plaintiff demands that the count be tried by a jury.

## COUNT III: WRONGFUL TERMINATION AGAINST PUBLIC POLICY

39. Plaintiff repeats and re-alleges paragraphs 1-22 as if fully stated herein.

40. This Court has pendent jurisdiction and supplementary jurisdiction of this count through 28 U.S.C. Sec. 1367.

41. Illinois common law recognizes a cause of action for wrongful termination against public policy.

42. Plaintiff's employment was terminated by the Defendant.

43. Plaintiff's discharge was in retaliation for action of the Plaintiff's protected activity of requesting FMLA leave.

44. The termination of Plaintiff's employment violates a clear mandate of public policy.

45. Due to Defendant's retaliation, Plaintiff suffered severe harm, and is entitled to all legal and equitable remedies under common law.

46. The Plaintiff demands that the count be tried by a jury.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

a. Enter judgment in Plaintiff's favor and against Defendant for interfering with Plaintiff's rights under the FMLA;

b. Enter judgment in Plaintiff's favor and against Defendant for FMLA retaliation;

c. Enter judgment in Plaintiff's favor and against Defendant for wrongful termination against public policy;

d.  Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, and lost future earnings capacity;

e.  Award Plaintiff liquidated damages;

f.  Award Plaintiff prejudgment interest on his damages award;

g.  Award Plaintiff reasonable costs and attorney's fees;

h.  Award Plaintiff any further relief pursuant to the FMLA; and

i.  Grant Plaintiff such other and further relief as this court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues triable in each count of this Complaint.

Dated February 20, 2023                     Respectfully submitted,

*s/ Alexander J. Taylor*
**Alexander J. Taylor, Esq.**
Sulaiman Law Group Ltd.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 575-8181
Fax (630) 575 - 8188
ataylor@sulaimanlaw.com